## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ALFRED J. PETIT-CLAIR., and MATTHEW J. PETIT-CLAIR,** | Civ. No. 2:14-07082 (WJM) |
| **Plaintiffs,** | **OPINION** |
| **v.** | |
| **STATE OF NEW JERSEY, A. MATTHEW BOXER, Comptroller of the State of New Jersey, CITY OF PERTH AMBOY, GREGORY FEHRNBACH, Former Business Administrator of the City of Perth Amboy, WILLIAM A. PETRICK, Councilman, City of Perth Amboy, KENNETH BALUT, former City Councilman of the City of Perth Amboy, JOHN DOES A-Z (fictitious names) and XYZ CORPORATION A-Z (fictitious names).** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiffs Alfred and Matthew Petit-Clair have filed the instant action alleging the unlawful revocation of retirement benefits at both the City and State levels. They also allege violation of the Americans with Disabilities Act ("ADA"). This matter comes before the Court on motions to dismiss filed by the State of New Jersey and related defendants (hereinafter, "the State Defendants"), and the City of Perth Amboy and related defendants (hereinafter, "the Perth Amboy Defendants"). Plaintiffs have also filed a motion for leave to amend and a motion for a preliminary injunction. For the reasons stated below, the State Defendants' motion to dismiss is **GRANTED**; the Perth Amboy Defendants' motion to dismiss is **GRANTED in part,** with the Court reserving its decision on the ADA claim; Plaintiffs' motion for leave to amend is **GRANTED in part and DENIED in part**; and Plaintiffs' motion for a preliminary injunction is **DENIED**.

## I.   BACKGROUND

Unless otherwise noted, the following facts are alleged in Plaintiffs' second amended complaint ("SAC").  Plaintiff Alfred J. Petit-Clair is a resident of Perth Amboy, New Jersey and serves as an attorney for Perth Amboy's Zoning Board of Adjustment. Plaintiff Matthew J. Petit-Clair is Alfred J. Petit-Clair's son and a resident of Yonkers, New York.  The Court will refer to Alfred J. Petit-Clair as "Petit-Clair," and Matthew J. Petit-Clair as "Matthew."

### A.  Petit-Clair's Benefits

Plaintiffs allege that the Perth Amboy Defendants unlawfully revoked Petit-Clair's post-retirement benefits.  Specifically, Plaintiffs allege that in 1990, the mayor of Perth Amboy hired Petit-Clair to serve as the attorney to the City's Board of Adjustment.  At the time of hiring, the mayor assured Petit-Clair that he was a "permanent part time employee" of the City and would receive post-retirement health insurance benefits if he held his position for a long enough period of time.  Indeed, a 1994 Ordinance further provided that the City "was to provide paid health insurance in retirement to all employees, whether full or part time, who acquired 25 years of service…or who have retired and reached age 62 or older with at least 15 years of service to the city."  Those benefits were dealt a blow in 2009 when Perth Amboy enacted Ordinance 1484-2009 (hereinafter, "the 2009 Ordinance"), which established that part-time employees, like Petit-Clair, would no longer receive post-retirement health benefits.  At that point in time, Petit-Clair would have been entitled to post-retirement benefits under the 1994 Resolution because he was over 65 years old and had worked for the City for over 23 years.  According to Petit-Clair, Matthew also would have been entitled to benefits had these alterations not taken place

Petit-Clair also alleges that the State Defendants, which include the State of New Jersey and its former Comptroller, Matthew Boxer, unlawfully revoked his registration in the State's Public Employment Retirement System ("PERS").  As a public employee, Petit-Clair had previously been entitled to enrollment in PERS, which provides for certain pension benefits.  In 2007, however, the State Legislature passed a law that precluded Professional Service Contractors ("PSCs") from receiving benefits under PERS.  *See* N.J.S.A. 43:15A-7.2.   PSCs included individuals providing services pursuant to a professional services contract or individuals who otherwise met the definition of an independent contractor as set forth by the Internal Revenue Service ("IRS").  *Id*. at (a)-(b). In line with that legislation, Matthew Boxer issued an "investigative report…expressing dissatisfaction that any attorney with a private practice is still carried in PERS…[and] that any professional with a private office is unlikely to be an employee, [and] to remove [such] professionals from PERS membership."   In response, Defendant Fehrenbach, who formerly served as Perth Amboy's business administrator, retained a law firm to assist in determining whether Petit-Clair met the definition of a PSC under N.J.S.A. 43:15A-7.2. The law firm answered that question in the affirmative, finding that Petit-Clair met the definition of an independent contractor as set forth by the IRS.  Subsequently, the New

2

Jersey Division of Pension & Benefits adopted the law firm's opinion and determined that Petit-Clair was not entitled to PERS enrollment. According to Petit-Clair, Defendant Fehrenbach also submitted false information to the IRS, which further contributed to his PSC classification. Once Petit-Clair was classified as a PCS, he visited the Attorney General website to retrieve opinions regarding independent contractor status. To his surprise, those opinions were no longer available.

B. <u>State Court Litigation and PERS Appeal</u>

The revocation of Petit-Clair's benefits, both at the State and City levels, has already been the subject of judicial proceedings. On September 24, 2012, Petit-Clair filed an Order to Show Cause with Verified Complaint claiming that he had been incorrectly classified as an independent contractor. The next day, the parties mutually agreed to a dismissal of the complaint without prejudice, pending Petit-Clair's appeal to the Division of Pensions. On January 24, 2014, the Division of Pensions denied Petit-Clair's appeal. The appeal was then transferred to the New Jersey Office of Administrative Law, and remained pending at the time Petit-Clair filed this action. The Court has not received any indication that Petit-Clair has received a Final Agency Determination on his claim.

While Petit-Clair has challenged the revocation of his PERS eligibility through administrative channels, he contested the City's decision to revoke his post-retirement benefits by filing an action in lieu of a prerogative writ with the Superior Court of New Jersey. The action asserted that Perth Amboy was equitably estopped from revoking Petit-Clair's retirement benefits and that the 2009 Ordinance was *ultra vires* as "an irregular exercise of basic power." After discovery took place, The Honorable Frank M. Ciuffani, P.J., Ch. issued a decision granting Perth Amboy's motion for summary judgment. The decision first noted that the applicable statute of limitations barred Petit-Clair's action. It then proceeded to conclude that the City was within its power when it enacted the 2009 Ordinance and was not equitably estopped from applying the Ordinance to Petit-Clair.

C. <u>ADA Claim</u>

Matthew also asserts an ADA claim against the City. The SAC alleges that Matthew suffers from a progressive disability and the City has failed to provide reasonable accommodations for him at its marina facility. It further accuses the City of refusing to allow Plaintiffs to install their own lift for their boat dock at their own expense.

D. <u>The Instant Action</u>

Plaintiffs filed their initial complaint on November 12, 2014, and have filed two amended complaints since then. The SAC names the State of New Jersey, former State Comptroller Matthew Boxer, the City of Perth Amboy, and a number of current and former Perth Amboy officials as Defendants. The SAC asserts violations of "the United States Constitution, the New Jersey Constitution, Federal Statutes, State Statutes, Case Law, New

Jersey Attorney General Opinions, 42 U.S.C. Sec. 126, *et seq*."  The State Defendants and the Perth Amboy Defendants filed separate motions to dismiss the SAC in its entirety. Plaintiffs have filed a motion for leave to file a third amended complaint and a motion for a preliminary injunction.

## II.   MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*  Courts have generally held that "[a] pro se complainant…must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "However, a pro se litigant, who is also an attorney, is not afforded the latitude ordinarily accorded to the typical pro se claimant." *U.S. v. Pearson*, No. 10-442, 2012 WL 924879, *5 (D.Del. Mar. 19, 2012) (quoting *Ning Ye v. Holder*, 664 F.Supp.2d 112, 116 (D.D.C. 2009).

In assessing Defendants' motions to dismiss, the Court will break the SAC into its three components parts: (1) claims against the Perth Amboy Defendants arising out of the 2009 Ordinance; (2) claims arising out of the revocation of Petit-Clair's PERS enrollment; and (3) Matthew's ADA claim.

### A.  2009 Ordinance Claims

Plaintiffs contend that Perth Amboy and related individuals violated the Contracts Clause of the United States Constitution by adopting the 2009 Ordinance and determining that Petit-Clair was no longer entitled to post-retirement benefits.  The Court concludes

that Plaintiffs' Contracts Clause claim, in addition to any other claims in the SAC that arise out of the 2009 Ordinance, are barred by New Jersey's "entire controversy doctrine."   The entire controversy is codified in New Jersey Civil Practice Rule 4:30A, which provides that "[n]on-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine."   The doctrine is premised on the notion that "the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy."   *DiTrolio v. Antiles*, 142 N.J. 253, 267 (1995) (quoting *Cogdell v. Hospital Ctr.*, 116 N.J. 7, 15 (1989)).

Here, Petit-Clair already filed a state court action against Perth Amboy challenging the validity of the 2009 Ordinance, and the trial judge presiding over that action determined that Perth Amboy was entitled to judgment as a matter of law.  Under the entire controversy doctrine, Petit-Clair was required to join the Contracts Clause claim with the other claims he asserted in the state court action.  The same goes for any other claim arising out of the 2009 Ordinance and Perth Amboy's decision to revoke Petit-Clair's post-retirement benefits.  To hold otherwise would result in the type of consequences the entire controversy doctrine expressly seeks to avoid – namely, a system of piecemeal litigation in which an unsuccessful litigant may file a second action that is based on the same facts but asserts a new legal theory.  And while it is true that Petit-Clair did not present any constitutional claims in his state court action, the relevant question is whether he "*could* have raised his claims before the [Superior Court], and whether such claims would have constituted a full and fair opportunity to litigate them."   *Fioriglio v. City of Atlantic City*, 963 F.Supp. 415, 424 (D.N.J. 1997) (citations omitted) (emphasis added).  The Superior Court of New Jersey is vested with "original general jurisdiction throughout the state in all causes…" N.J. Const. art. VI, §3, ¶ 2.  Therefore, Petit-Clair could have asserted his Contracts Clause claim, along with any related § 1983 claim, in his Superior Court action.  *See, e.g.*, *General Food Vending Inc. v. Town of Westfield*, 288 N.J.Super. 442, 455 (N.J. Super. Ct. Law Div.) Because he failed to do so, Plaintiffs' claims arising out of the 2009 Ordinance must be **DISMISSED WITH PREJUDICE**.

### B. PERS Claims

While the SAC as a whole is far from a model of clarity, Plaintiffs' claims relating to PERS are particularly difficult to construe.  Plaintiffs appear to allege that the State Defendants acted unlawfully when they applied N.J.S.A. 43:15A-7.2 to Petit-Clair. Plaintiffs further allege that the State Defendants violated their constitutional rights by removing Attorney General Opinions from a website.  Plaintiffs also allege that Matthew Boxer issued a report containing "advice and attitude" that was unlawful.  Finally, Plaintiffs allege that Defendant Fehrenbach submitted incorrect information to the IRS relating to whether Petit-Clair should be classified as a PSC.  After reviewing these allegations, the Court concludes that Plaintiffs have failed to state any cognizable claims relating to PERS.

First, Plaintiffs fail to allege how applying N.J.S.A. 43:15A-7.2 to Petit-Clair creates a legally cognizable claim in this Court.  To the extent Petit-Clair seeks to assert a substantive due process claim, the Court agrees with other judges in this district who have concluded that pension benefits do not constitute a property interest under the substantive due process clause.  *See, e.g., McGovern v. City of Jersey City*, No. 98-CV-5186, 2006 WL 42236, *13 (D.N.J. Jan. 6, 2006) (citing *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 141 (3d Cir. 2000)).  Moreover, Plaintiffs have alleged no facts indicating that Petit-Clair has been denied procedural due process at the state administrative level, which is where he is currently challenging his PSC classification.  *Id*. (citing *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Simply put, the fact that Plaintiffs disagree with the PSC classification does not mean that they have stated a claim upon which relief can be granted.  *See Thrower v. New Jersey Dept. of Corrections*, No. 07-3434, 2007 WL 2683007, *7 (D.N.J. Sep. 7, 2007) (plaintiff fails to state a claim where his argument is effectively "limited to [his] disagreement with the outcome of the [administrative] hearing.") (citations omitted).

Any claims arising out of the "advice and attitude" contained in Matthew Boxer's investigative report are similarly meritless.  Plaintiffs appear to argue that Boxer's report violated N.J.S.A. 43:15A-7.2; however, while that statute concerns who is eligible for membership in PERS, it does not create a private right of action.  *See, e.g., R.J. Gaydos Ins. Agency v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 271 (2001).  Moreover, Plaintiffs cannot state a claim against Boxer merely because they disagree with one of his non-binding investigative reports.  Similarly, Plaintiffs do not point to (nor is the Court aware of) any authority providing that a cause of action may arise out of the removal of Attorney General Opinions from a website.

Finally, insofar as Plaintiffs seek to state a claim against Defendant Fehrenbach for submitting incorrect information to the IRS, that claim also fails.  Like much of the SAC, Plaintiffs do not tie a cause of action to their allegations regarding Fehrenbach's conduct.  Consequently, their complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(2) (a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.")  Plaintiffs have not presented a single argument as to why Fehrenbach's submission of incorrect information to the IRS may give rise to a cause of action.  Therefore, any claims arguably asserted against Fehrenbach, along with any other claims relating to PERS, are **DISMISSED WITH PREJUDICE**.[1]

---

[1] Additionally, Petit-Clair is already challenging his PSC classification at the administrative level.  *Cf. Trinity Resources, Inc. v. Township of Delanco*, 842 F.Supp. 782, 801 (D.N.J. 1994) (courts should not interfere with the administrative process) (citing *Felmeister v. Office of Attorney Ethics*, 856 F.2d 592, 535 (3d Cir. 1988)).

C. <u>ADA Claim</u>

Plaintiffs allege that Perth Amboy violated the ADA by failing to provide reasonable accommodations for Matthew at its marina. Currently, Perth Amboy does not contend that Plaintiffs have failed to state an ADA claim. Instead, it claims that it wishes to engage in further dialogue to ascertain whether the parties can agree upon a reasonable accommodation. Plaintiffs do not appear to take issue with that position in their reply brief. Therefore, the Court will hold this portion of Perth Amboy's motion to dismiss in abeyance. Within forty-five days, the parties are to provide the Court with an update regarding Plaintiffs' request for accommodations at Perth Amboy's marina.[2]

## III.   MOTION FOR LEAVE TO AMEND

Plaintiffs also seek leave to file a third amended complaint ("TAC"). The proposed TAC seeks to (1) demand prospective relief on the grounds that N.J.S.A. 43:15A-7.2 is unconstitutional; (2) clarify that the case arises under 42 U.S.C. § 1983; and (3) add claims against Defendants for using the wrong test in their independent contractor analyses. Once a party is no longer permitted to amend its complaint as a matter of course, as is the case here, a party "may amend it pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2). In the absence of substantial or undue prejudice to the nonmoving party – which "is the touchstone for the denial of an amendment" – denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *USX Corp. v. Barnhart,* 395 F.3d 161, 166 (3d Cir. 2004) (citing *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir. 1993)).

A. <u>Constitutionality of N.J.S.A. 43:15A-7.2</u>

Plaintiffs wish to assert a new claim that they are entitled to prospective relief because, as applied to Petit-Clair, N.J.S.A. 43:15A-7.2 violates the Contracts Clauses of the United States and New Jersey Constitutions.[3]  Although difficult to construe, it appears that Plaintiffs seek a prospective remedy for a constitutional violation under *Ex parte Young*, 209 U.S. 123 (1908), which allows a party to seek prospective relief against a state official

---

[2] While the ADA claim against the City will be held in abeyance, the Complaint against the individual Perth Amboy Defendants will be dismissed with prejudice.

[3] The New Jersey Constitution's Contracts Clause mirrors the United States Constitution's Contracts Clause. *Burgos v. State*, --- A.3d ----, 2015 WL 3551326, *34 n. 3 (N.J. June 9, 2015) (citing *N.J. Const*. art. IV, § 7, ¶ 3.) However, the *Ex parte Young* doctrine is applicable only to violations of federal law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984).

that has some connection with the enforcement of an unconstitutional law. Defendant Matthew Boxer is no longer New Jersey's Comptroller. Even if he was previously responsible for enforcing N.J.S.A. 43:15A-7.2 during his tenure as Comptroller – which is doubtful – he has no role in the statute's enforcement now. Therefore, if Plaintiffs wish to add an *Ex parte Young* claim, they must name a proper defendant.

The State of New Jersey argues that even if Plaintiffs named a proper defendant in their *Ex parte Young* claim, amendment would still be futile. In order to state a claim under the Contracts Clause, Plaintiffs must allege that (1) a contractual right existed, (2) a change in state law impaired the contract, and (3) the impairment was substantial. *Transp. Workers Union of Am. V. Se. Pa. Transp. Auth.*, 145 F.3d 619, 621 (3d Cir. 1998). Here, the State of New Jersey points out that N.J.S.A. 43:15A-7.2 does not affect preexisting contracts; rather, it applies only to contracts entered into after a certain date. It then argues that because Petit-Clair served as Perth Amboy's Board of Adjustment Attorney on a year-to-year basis, the statute impacts only Petit-Clair's *future* contract extensions with Perth Amboy, and the Contracts Clause is therefore not implicated. Although not entirely apparent from the briefing, Petit-Clair appears to argue that he operated under a single contract with Perth Amboy since 1990. If Petit-Clair can allege sufficient, credible facts supporting that claim, he may be able to demonstrate that N.J.S.A. 43:15A-7.2 impaired a preexisting contract to which he was a party. Plaintiffs will be granted leave to amend for the sole purpose of adding the claim that N.J.S.A. 43:15A-7.2 violates the Contracts Clause.[4] It is up to Plaintiffs to name a proper defendant and allege sufficient facts to withstand a motion to dismiss. Absent extraordinary circumstances, this will be the final time the Court grants Plaintiffs leave to amend.[5]

## B. Other Proposed Amendments

Plaintiffs' other proposed amendments are futile and therefore cannot be asserted in a new complaint. While Plaintiffs seek to clarify that their complaint arises under 42 U.S.C. § 1983, their proposed SAC contains no new specific factual allegations tied to their § 1983 claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To the extent that Plaintiffs' § 1983 claims arise out of the alleged substantive due process and Contracts Clause violations asserted in the SAC, those claims are not cognizable for reasons previously given in this opinion. If Plaintiffs seek to assert their § 1983 claim premised on the New Jersey Legislature's passing of N.J.S.A. 43:15A-7.2, that claim would be time-barred. The applicable statute of limitations for § 1983 claims in this case is two years.

---

[4] Exhaustion requirements would not bar Plaintiffs' *Ex parte Young* claim because Defendants have not even suggested that the Office of Administrative Law has the power to decide the constitutionality of N.J.S.A. 43:15A-7.2. *See, e.g., Daud v. Gonzales*, 207 Fed.Appx. 194, 201 (3d Cir. 2006) (exhaustion requirements do not apply to constitutional claims that the administrative tribunal has no power to resolve).

[5] Plaintiffs have already filed two amended complaints in this action.

*287 Corporate Center Associates v. Twp. of Bridgewater*, 101 F.3d 320, 323 (3d Cir. 1996). At the very latest, Plaintiffs' claim would have accrued on August 14, 2012, the date that Petit-Clair was notified of his removal from PERS pursuant to the 2007 statute. Petit-Clair, however, did not initiate this action until November 12, 2014. Consequently, insofar as Plaintiffs claim that the enactment of N.J.S.A. 43:15A-7.2 and its application to Petit-Clair constituted a violation of § 1983, that claim is time-barred. Finally, even accepting as true the allegation that Perth Amboy employed the wrong test when determining Petit-Clair's status, the proposed SAC does nothing to establish why that allegation gives rise to a cognizable claim. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994). Consequently, with the exception of the *Ex parte Young* claim discussed in the foregoing section, Plaintiffs' request to add additional claims is **DENIED** on futility grounds.

## IV.    MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs have also moved for a preliminary injunction seeking (1) a continuation of Petit-Clair's health benefits and (2) a waiver that would allow Plaintiffs to bypass certain exhaustion requirements; and (3) enjoining the City from replacing Petit-Clair as attorney for the Zoning Board of Adjustment.   A preliminary injunction is an extraordinary remedy that is not routinely granted. *See, e.g., Groupe SEB USA v. Euro-Pro Operating LLC*, 774 F.3d 192, 197 (3d Cir. 2014); *Hoxworth v. Blinder, Robinson Co. Inc.*, 903 F.2d 186, 189 (3d Cir. 1990) (the preliminary injunction remedy "must be reserved for extraordinary circumstances…."). Moreover, "the decision to grant or deny a preliminary injunction is committed to the sound discretion of the district court." *U.S. v. Price*, 688 F.2d 204, 2010 (3d Cir. 1982). In order to obtain the extraordinary remedy of a preliminary injunction, Plaintiffs must show (1) they are likely to succeed on the merits; (2) denial will cause them irreparable harm; (3) granting the injunction will not result in irreparable harm to Defendants; and (4) granting the injunction is in the public interest. *Nutrasweet Co. v. Vit-Mar Enterprises*, 176 F.3d 151, 153 (3d Cir. 1999). As explained above, Plaintiffs have at this point failed to state a cognizable claim related to Petit-Clair's health benefits. Consequently, Plaintiffs have failed to demonstrate a likelihood of success on the merits entitling them to the preliminary injunction they seek. Therefore, Plaintiffs' motion for a preliminary injunction is **DENIED**.

## V.    CONCLUSION

For the foregoing reasons, the Perth Amboy Defendants' motion to dismiss is **GRANTED in part**, with the Court withholding its decision on the ADA claim.  The State Defendants' motion to dismiss is **GRANTED**.  Plaintiffs' motion for leave to amend is **GRANTED in part and DENIED in part**; and their motion for a preliminary injunction is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 4, 2015**