## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALFRED J. PETIT-CLAIR.,** and **MATTHEW J. PETIT-CLAIR,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**STATE OF NEW JERSEY, A. MATTHEW BOXER,** Comptroller of the State of New Jersey, **CITY OF PERTH AMBOY, GREGORY FEHRNBACH,** Former Business Administrator of the City of Perth Amboy, **WILLIAM A. PETRICK,** Councilman, City of Perth Amboy, **KENNETH BALUT,** former City Councilman of the City of Perth Amboy, **JOHN DOES A-Z (fictitious names)** and **XYZ CORPORATION A-Z (fictitious names).**<br><br>  Defendant. | Civ. No. 2:14-07082 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiffs Alfred and Matthew Petit-Clair have filed the instant action alleging that the City of Perth Amboy ("Perth Amboy") unlawfully revoked retirement benefits through the passage of a 2009 ordinance (hereinafter, "the 2009 Ordinance"). This matter comes before the Court on Perth Amboy's motion for the imposition of sanctions. For the reasons that follow, Perth Amboy's motion will be **DENIED**.

### I.  BACKGROUND

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts. The Court will refer to Alfred J. Petit-Clair as "Petit-Clair," and Matthew J. Petit-Clair as "Matthew."

In 2014, Plaintiffs filed a second amended complaint ("SAC") against Perth Amboy. The Complaint included, among other things a number of claims asserting that the 2009 Ordinance unlawfully revoked Petit-Clair's retirement benefits. Before moving to dismiss,

1

Perth Amboy sent Petit-Clair a letter warning him that it would move for sanctions if he did not withdraw his claims concerning the 2009 Ordinance. Specifically, the letter explained that those claims were barred by the doctrine of *res judicata* and were therefore frivolous. On August 4, 2015, the Court granted Perth Amboy's motion to dismiss with respect to claims relating to the 2009 Ordinance. The Court based its decision on the determination that the 2009 Ordinance claims were barred by New Jersey's Entire Controversy Doctrine.

As promised in its previous letter, Perth Amboy subsequently filed the instant motion. Petit-Clair opposes the motion, contending that the imposition of sanctions would not be appropriate.

## II. ANALYSIS

As already explained, Perth Amboy accuses Petit-Clair of filing frivolous claims that were unquestionably barred by either *res judicata* or New Jersey's Entire Controversy Doctrine. The Court finds that even if Perth Amboy's motion for sanctions had substantive merit, it must be denied because Perth Amboy has failed to strictly comply with Rule 11's "safe harbor provision."

Rule 11 of the Federal Rules of Civil Procedure allows a party to move for the imposition of sanctions against an adversary. *See* Fed. R. Civ. P. 11(c)(2). However, Rule 11 also requires that before a party files a motion for sanctions, it must wait 21 days after it serves the motion on the party against whom sanctions are sought. *See id.* ("The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service within another time the court sets.") This rule is also known as the "safe harbor provision."

Nearly every federal appellate court in the country has held that a Rule 11 motion can be granted only where the movant demonstrates strict compliance with the safe harbor provision. *See, e.g., Brickwood Contractors Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). *But see Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir. 2003). Similarly, the Third Circuit has held that in the bankruptcy context, a court can grant a Rule 9011 motion for sanctions only where the movant strictly complies the technical requirements of the Rule's safe harbor provision. *See In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013) ("strict compliance with the safe harbor rule is required.") While no one will mistake this action for a bankruptcy proceeding, the Third Circuit has noted on multiple occasions that "Bankruptcy Rule 9011 is the equivalent sanctions rule to Rule 11 of the Federal Rules of Civil Procedure," which means that cases decided pursuant to Rule 9011 also apply to Rule 11. *See id.* at 204 n.4 (citations and quotations omitted). Courts have embraced a strict compliance rule because the safe harbor provision is there to "protect litigants from sanctions whenever possible in

order to mitigate Rule 11's chilling effects [while also] formalizing procedural due process considerations…." 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722 (3d ed. 2004).

Here, Perth Amboy did not maintain strict compliance with the safe harbor provision. Prior to filing its motion, Perth Amboy sent a self-described "safe harbor letter" to Petit-Clair explaining why the city believed the complaint to be frivolous insofar as it related to the 2009 Ordinance. The letter further warned that if Petit-Clair did not withdraw certain claims, Perth Amboy would file a motion for sanctions. However, Rule 11(c)(2) unequivocally provides that the movant must serve the *actual motion* on its adversary at least 21 days before it files the motion with the Court. Here, Petit-Clair did not receive Perth Amboy's motion until October 19, 2015, the same day it was filed with this Court. Because Perth Amboy has failed to maintain strict compliance with Rule 11(c)(2)'s safe harbor provision, its motion for sanctions must be **DENIED**. *See, e.g., Roth v.* Green, 466 F.3d 1179, 1992 (10th Cir. 2006) (warning or safe harbor letters do not comply with Rule 11's safe harbor provision); *Gal v. Viacom Int'l, Inc.*, 403 F.Supp.2d 294 (S.D.N.Y. 2005) (warning letters fail to comply with safe harbor provision because "the plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock – the rule says nothing about the use of letters.")

### III. CONCLUSION

For the foregoing reasons, Perth Amboy's motion for sanctions is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 18th, 2016**