## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALFRED J. PETIT-CLAIR., and MATTHEW J. PETIT-CLAIR,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**STATE OF NEW JERSEY, A. MATTHEW BOXER, Comptroller of the State of New Jersey, CITY OF PERTH AMBOY, GREGORY FEHRNBACH, Former Business Administrator of the City of Perth Amboy, WILLIAM A. PETRICK, Councilman, City of Perth Amboy, KENNETH BALUT, former City Councilman of the City of Perth Amboy, JOHN DOES A-Z (fictitious names) and XYZ CORPORATION A-Z (fictitious names).**<br><br>**Defendant.** | Civ. No. 2:14-07082 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiffs Alfred and Matthew Petit-Clair have filed the instant action alleging, among other things, that the State of New Jersey and other related individuals (hereinafter, "the State Defendants") unlawfully revoked benefits under the State's Public Employees Retirement System. This matter comes before the Court on the State Defendants' motion to dismiss. For the reasons that follow, the motion to dismiss will be **GRANTED**.

### I. BACKGROUND

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts. The Court will refer to Alfred J. Petit-Clair as "Petit-Clair," and Matthew J. Petit-Clair as "Matthew."

In 2014, Plaintiffs filed a second amended complaint ("SAC") against the State Defendants. In the SAC, Petit-Clair alleged that the State Defendants unlawfully revoked state level benefits (specifically, benefits under the State's Public Employees Retirement

1

System, or "PERS") by enacting N.J.S.A. 43:15A-7.2. In response, the State Defendants filed a motion to dismiss, which this Court granted. However, the Court granted leave for Petit-Clair to amend his complaint so that he could add a claim alleging that certain State officials, through the enactment and enforcement of N.J.S.A. 43:15A-7.2., violated the Contracts Clause of the United States Constitution.

On October 7, 2015, Plaintiffs filed the third amended complaint ("TAC"). The TAC names the following individuals, all of whom fall within the category of State Defendants: John J. Hoffman, Mark Larkins, and Robert A. Romano. According to the TAC, the State Defendants have violated the Contracts Clause through their involvement in N.J.S.A. 43:15A-7.2. In its prayer for relief, the TAC asks this Court "[t]o enter an order placing Plaintiff Alfred J. Petit-Clair, Jr. in the position he would have been had there been no violations of his constitutional rights, with respect to his enrollment in PERS and guarantee of post-retirement health benefits…."

The State Defendants have now moved to dismiss the TAC in its entirety. Petit-Clair opposes the State Defendants' motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a facial attack, like the one in this case, the court must consider the allegations of the complaint in the light most favorable to the plaintiff. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The State Defendants argue that the claim against them must be dismissed under the doctrine of sovereign immunity. The Court agrees. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Consequently, state sovereign immunity operates as a jurisdictional bar that deprives federal courts of subject matter jurisdiction. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). There are three exceptions to the application of state sovereign immunity: "1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell. Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).

This case involves the third exception, which was first developed in *Ex Parte Young*, 209 U.S. 123 (1908). In holding that state officials may be enjoined from enforcing state

laws that violate the United States Constitution, *Ex parte Young* provides that in such cases, "[a state] officer is simply [being] prohibited from doing an act which he had no legal right to do." 209 U.S. at 159. However, the Supreme Court has rejected the notion "that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of state treasury, so long as the relief may be labeled 'equitable in nature.'" *Edelman v. Jordan*, 415 U.S. 651, 667 (1974). Therefore, the appropriate question is not whether the plaintiff is suing for an injunction; instead it is whether the plaintiff is seeking prospective relief. *See VerizonMd. Inc. v. Public Serv. Comm'n of Med.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997))).

In light of that principle, the *Ex parte Young* doctrine will not apply where a plaintiff seeks an injunction that, if granted, would have the practical effect of forcing the state to undertake specific performance of a preexisting contractual obligation. *See Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 257 (2011) ("Thus, Ex parte Young cannot be used to obtain an injunction requiring the payment of funds from the State's treasury[][;] or an order for specific performance of a State's contract.") (citations and quotations omitted).

Plaintiffs seek an injunction that would effectively require the State Defendants to undertake specific performance of a preexisting contractual obligation. Consequently, the doctrine of sovereign immunity bars Plaintiffs' contracts clause claim against the State Defendants. This case is strikingly similar to *New Jersey Educ. Ass'n v. New Jersey*, Civ. No. 11-5024, 2012 WL 715284 (D.N.J. Mar. 5, 2012). In that case, Plaintiffs challenged a 2011 law that made changes to the New Jersey State retirement system for public employees. Specifically, the law increased employee contributions to certain state pension funds while suspending cost of living adjustments. The plaintiffs alleged, *inter alia*, that the new legislation was unconstitutional because it impaired pre-existing contracts. In dismissing the claim, the district court held that "[a]lthough Plaintiffs have creatively characterized their claims, in substance they ask this Court to mandate the specific performance of a contract existing between them and the State." Accordingly, the district court held that the claim was barred by the Eleventh Amendment. 2012 WL 715284, *6.

Here, the TAC asks that the Court "enter an order placing Plaintiff Alfred J. Petit-Clair, Jr. in the position he would have been had there been no violations of his constitutional rights, with respect to his enrollment in PERS and guarantee of post-retirement benefits." In other words, Petit-Clair seeks an injunction that would require the State Defendants to perform contractual obligations pursuant to a preexisting agreement. It thus follows that Petit-Clair seeks relief from the State Defendants that is retroactive in

3

nature.  Consequently, the Contracts Clause claim against the State Defendants is barred by the Eleventh Amendment and must be **DISMISSED WITH PREJUDICE**.

### III.   CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss is **GRANTED.**  The TAC as against the State Defendants is **DISMISSED WITH PREJUDICE.**

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 18th, 2016**

4