UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED J. PETIT-CLAIR., and MATTHEW J. PETIT-CLAIR,<br><br>**Plaintiffs,**<br><br>v.<br><br>STATE OF NEW JERSEY, A. MATTHEW BOXER, Comptroller of the State of New Jersey, CITY OF PERTH AMBOY, GREGORY FEHRNBACH, Former Business Administrator of the City of Perth Amboy, WILLIAM A. PETRICK, Councilman, City of Perth Amboy, KENNETH BALUT, former City Councilman of the City of Perth Amboy, JOHN DOES A-Z (fictitious names) and XYZ CORPORATION A-Z (fictitious names).<br><br>**Defendant.** | Civ. No. 2:14-07082 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Matthew Petit-Clair has accused the City of Perth Amboy ("Perth Amboy" or "the City") of violating the Americans with Disabilities Act ("ADA"). This matter comes before the Court on Perth Amboy's motion for summary judgment. Alternatively, Perth Amboy moves for the Court to stay this action pending the completion of a Department of Justice ("DOJ") investigation. For the reasons stated below, Perth Amboy's motion will be **DENIED**.

**I.   BACKGROUND**

The Court writes primarily for the benefit of the parties and assumes familiarity with the facts. For a more robust discussion of Plaintiffs' allegations, the Court directs the reader to its prior opinion concerning this litigation. *See Petit-Clair v. New Jersey*, No. 14-CV-0782, 2015 WL 4638271 (D.N.J. Aug. 4, 2015). The Court will refer to Matthew J.

Petit-Clair as "Matthew." Matthew's father, Alfred J. Petit-Clair, is also a Plaintiff in this action. The Court will refer to him as "Alfred."

Matthew was diagnosed with muscular dystrophy in 2007. *See* Third Amended Complaint ("TAC") at ¶ 40. As a result of his condition, Matthew has been disabled since 2009. *See id*. Matthew's father has been a tenant of Perth Amboy's marina ("the Marina") since 2012. After Hurricane Sandy destroyed the Marina's functionality in 2012, the City was forced to commit resources to construction and repairs. *See id* at ¶ 41. As a result of those efforts, the Marina was again available for public use in 2014.[1] According to Matthew, the Marina fails to comply with the ADA in the following ways:

1. It fails to include three handicap-accessible boat slips;
2. It fails to provide sixty-inch wide boarding piers that are handicap accessible; and
3. Certain gangways are excessively steep, thereby precluding handicap access

*See id*. According to the TAC, these structural issues have impeded Matthew's ability to use his father's boat at the Marina. *See id*. at ¶ 42. Moreover, Perth Amboy has refused to allow Matthew and his father to install an aquatic chairlift at their own expense. *See id*. *See also* Williams Cert., Ex. C.

Since the filing of the TAC, Perth Amboy and the Petit-Clairs have had discussions regarding the Marina and its accessibility. In an August 21, 2015 correspondence, Alfred informed Perth Amboy that while volunteers have helped Mathew board and de-board his boat, "[i]t would be a disservice to disabled people … to resolve an ADA issue solely upon the needs of [his] son." *See* Williams Cert., Ex. E. Alfred has further represented that Matthew "refuses to seek or accept personal resolution of the ADA Claim without full ADA compliance by the City so that other handicapped persons may enjoy boating." *See* Williams Cert., Ex. F. However, Alfred has made clear that his son cannot use the Marina on his own. *See* Williams Cert., Ex. H.

It also appears that the DOJ has initiated an investigation into whether the Marina complies with the ADA. Perth Amboy first heard of the investigation in September of 2015. *See* Williams Cert., Ex. I. On March 23, 2016, the DOJ informed Perth Amboy that it possessed the information it needed to conduct its investigation. *See* ECF No. 71. However, the Court has not received any further information regarding the investigation's status.

---

[1] The parties appear to dispute whether Hurricane Sandy destroyed the Marina in 2012. Moreover, the parties seem to suggest that the answer to that question may affect the extent of Perth Amboy's obligations under the ADA. The Court currently takes no position as to this issue.

Though no discovery has taken place, Perth Amboy moves for summary judgment on Matthew's ADA claim. In the alternative, Perth Amboy requests that the action be stayed pending the DOJ investigation. Matthew opposes Perth Amboy's motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party must support its position by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[,] . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court considers the record in the light most favorable to the non-moving party while drawing all reasonable inferences in that party's favor. *Bowers v. NCAA*, 475 F.3d 524, 535 (3d Cir. 2007).

Perth Amboy argues that summary judgment is warranted because Matthew does not have standing to pursue his ADA claim. In the alternative, Perth Amboy argues that "Plaintiffs' claims to have an aquatic lift chair installed fail as a matter of law."

### A. Standing

Perth Amboy contends that Matthew does not having standing to bring his ADA claim because he has been able to use the marina with the help of others. The City further points out that Plaintiffs have expressed their intention to bring suit on behalf of other disabled individuals, not just Matthew. In other words, Matthew is not bringing suit to vindicate his own rights; instead he is seeking to vindicate the rights of others. Consequently, the argument goes, Matthew lacks Article III standing.

This Court's jurisdiction is limited to hearing "cases or controversies." *See* U.S. Const. art. III, § 2. Consequently, Matthew "must have 'standing'—the personal stake in a lawsuit that exists when a person has suffered an 'injury in fact,' caused by 'the conduct complained of,' that can be 'redressed by a favorable decision….' *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997)).

Perth Amboy appears to argue that Matthew has not suffered an injury in fact for the purposes of the ADA because he has been able to occasionally use the Marina with the help of others. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by

any such entity." 42 U.S.C. § 12132. Importantly, the purpose of the ADA is "to assure equality of opportunity, full participation, independent living, and economic self-sufficiency." *See* 42 U.S.C. 12101(a)(7). While it appears that Matthew can occasionally use the Marina with the generous help of others, it cannot be seriously argued that he enjoys the type of "equality of opportunity," "full participation," or "independent living" contemplated by the ADA. Indeed, Perth Amboy is advocating for an absurd interpretation of the ADA in which Article III standing could never exist whenever there is (or likely will be) a cadre of good Samaritans occasionally willing to assist a physically disabled person with access to a public facility. This position is untenable and the Court rejects it accordingly. While Plaintiffs recognize that their ADA claim may have implications for other disabled individuals who wish to use the Marina, it is apparent that Matthew has suffered an injury in fact and therefore possesses Article III standing.

### B. Aquatic Lift Chair "Claims"

Perth Amboy also argues that the Court should enter summary judgment in its favor on the "claim against Perth Amboy for failing to install an aquatic lift chair." However, it is apparent that Matthew has asserted no such claim. Instead, Matthew alleges that Perth Amboy has violated the ADA by failing to meet certain requirements concerning boat slip accessibility, pier width, and gangway steepness. After viewing the TAC as a whole, the Court finds that the references to an aquatic lift chair merely serve to demonstrate Perth Amboy's alleged unwillingness to accommodate Matthew's needs. Accordingly, Perth Amboy's motion for summary judgment is **DENIED**.

### III. PERTH AMBOY'S REQUEST FOR A STAY

As already explained, in September 2015, Perth Amboy received a letter from the DOJ explaining that it would be investigating the Marina for ADA compliance issues. Accordingly, Perth Amboy argues that Matthew's ADA claim should be stayed pending the outcome of the DOJ investigation. "The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *See U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983). District courts enjoy "wide discretion" in determining whether a stay is appropriate, and "absent a patent abuse of that discretion," a court's decision of whether to stay a case will seldom be disturbed. *See Gold*, 724 F.3d at 1077 (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665-66 (1978)).

Unfortunately, the parties have failed to provide the Court with any meaningful briefing on this issue. On its own research, the Court has uncovered only two cases in which a judge had to determine whether to stay an ADA claim pending the outcome of a DOJ investigation. In *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 (ALC)(JCF), 2013 WL 3892899, *2 (S.D.N.Y. July 29, 2013), a United States Magistrate Judge declined to stay an ADA claim pending a DOJ investigation, reasoning that stays should be granted only where there is a parallel court proceeding. The judge then reasoned that because a

DOJ investigation is not a court proceeding, a stay of the ADA claim would be inappropriate. Conversely, the district court in *Gropper v. Fine Arts Housing, Inc.*, 12 F.Supp.3d 664, 674 (S.D.N.Y. 2014) granted the defendant's request for a stay in light of a DOJ investigation. The district court noted that the defendant and the DOJ had already entered into a Voluntary Compliance Agreement ("VCA") in which the defendant agreed to make certain structural changes to its business so as to ensure ADA compliance. In doing so, the district court noted that the VCA addressed the structural deficiencies alleged in the plaintiff's complaint. Therefore, the court reasoned, it would be a waste of judicial resources to continue the litigation where there was nothing to suggest that the defendant would not comply with the DOJ's mandate.

In light of the facts here, the Court concludes that a stay of Matthew's ADA claim is currently not warranted. While the *David Ellis Real Estate* decision may have taken an overly narrow view of a court's inherent power to issue a stay, the Court nonetheless concludes that this case is distinguishable from *Fine Arts Housing, Inc*. Here, Perth Amboy has yet to enter into any type of voluntary agreement with the DOJ. Indeed, the DOJ investigation into the Marina is only in its infancy, and the DOJ has yet to undertake a site inspection. Therefore, the Court does not presently know when the DOJ will issue an opinion regarding the Marina. There is also no way of currently knowing whether the DOJ investigation will result in a compliance agreement that encompasses the issues presented in Matthew's ADA claim. Consequently, Perth Amboy's request for a stay of the ADA claim is **DENIED**. However, should the status of the DOJ investigation materially change, Perth Amboy will be permitted to refile its request for a stay.

### IV. CONCLUSION

For the foregoing reasons, Perth Amboy's motion is **DENIED**. An appropriate order accompanies this decision.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 6, 2016**