UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED J. PETIT-CLAIR, JR., and MATTHEW J. PETIT-CLAIR,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN JAY HOFFMAN, Acting Attorney General for the State of New Jersey,<br>MARC LARKINS, Acting Comptroller for the State of New Jersey,<br>ROBERT A. ROMANO, Acting Treasurer for the State of New Jersey, and<br>CITY OF PERTH AMBOY,<br><br>Defendants. | Civ. No. 2:14-07082<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Alfred J. Petit-Clair, Jr. and Matthew J. Petit-Clair ("Plaintiffs") bring this action against the City of Perth Amboy ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 126, *et seq*. This matter comes before the Court on Defendants' motion to enforce settlement. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to enforce settlement is **GRANTED**.

**I.     BACKGROUND**

On November 12, 2014, Plaintiffs filed a complaint, alleging multiple claims, including a violation of the ADA. Defendant purportedly violated the ADA "by completing construction of a municipally owned and operated Marina in Perth Amboy without providing handicapped accessibility to disabled boaters, and then by refusing to permit plaintiff . . . to install a handicap lift at his own expense at the boat slip rented by him so that his son might enjoy boating this last summer." *See* Compl. ¶ 1, ECF No. 1. Plaintiffs filed multiple amended complaints, alleging claims against various government officials, all of which this Court dismissed except for the ADA claim. *See* Orders, ECF Nos. 39, 79. The Court also denied Defendant's motion for summary judgment. *See* Order, ECF No. 89.

The parties subsequently entered into extensive settlement discussions, including a telephone conference mediated by Magistrate District Court Judge Mark Falk on November 3, 2016. Shortly thereafter, the parties reached a settlement agreement that entailed "the placement of a handicap lift on a portion of the dock no later than June, 2017, and payment of $7,500.00 counsel fees . . . ." *See* Pls.' Letter 1, ECF No. 101. In January 2017, however, Plaintiffs alleged that they were the victims of Defendant's bad faith because it had refused to pay counsel fees to Plaintiff Petit-Clair, Jr. in two other matters. *See* Pls.' Letters, ECF Nos. 103, 106. Plaintiffs formally requested that the Court rescind the agreement and proceed with litigation. *See* ECF No. 106 at 2.

For its part, Defendant informed the Court that it had taken affirmative steps to execute the agreement, including the preparation of a draft settlement release and consent order, which Defendant forwarded to Plaintiffs for their review on January 10, 2017. *See* Def.'s Letter, ECF No. 105. The city formally authorized the settlement for payment on February 22, 2017. *See* Council Chambers Agenda 3, ECF No. 109-1. Plaintiffs maintained their position that they rescinded their offer of settlement prior to the city's authorization and that the agreement was not binding. *See* Pls.' Letter, ECF No. 109. Defendant subsequently moved to enforce the settlement. *See* Mot. for Settlement Enforcement ("Def.'s Mot."), ECF No. 110.

## II. LEGAL STANDARD

"It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein." *Fox v. Consol. Rail Corp.*, 739 F.2d 929, 932 (3d Cir. 1984). "The stakes in summary enforcement of a settlement agreement and summary judgment on the merits of a claim are roughly the same—both deprive the party of his right to be heard in the litigation." *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991). For this reason, the Third Circuit applies a summary judgment standard of review to settlement enforcement. *See id.* at 1032. A court, therefore, must treat the non-moving party's assertions as true and will enforce a settlement only if the moving party is entitled to enforcement as a matter of law. *See id.*

State law governs the viability of settlement agreements. *See id.* at 1032–33. "A settlement agreement between parties to a lawsuit is a contract." *Nolan by Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990). In New Jersey, there is a strong public policy in favor of settlement agreements. *See id.* "Consequently, [New Jersey] courts have refused to vacate final settlements absent compelling circumstances." *Id.* The party seeking to enforce a settlement bears the burden of proving the existence of the agreement in the first instance. *United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997) (citation omitted). "In general, settlement agreements will be honored absent demonstration of fraud or other compelling circumstances." *See Nolan by Nolan*, 577 A.2d at 146 (quotation and citations omitted). "Before vacating a settlement agreement, [New Jersey] courts require 'clear and convincing proof' that the agreement should be vacated." *Id.* (citing *DeCaro v. DeCaro*, 97 A.2d 658 (N.J. 1953)).

2

## III. DISCUSSION

"A contract is formed where there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *Lightman*, 988 F. Supp. at 458 (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280 (N.J. 1992)). "That contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *Id.* The parties do not dispute that they verbally reached a settlement agreement in November 2016. *See* Pls.' Br. in Opp'n ("Pls.' Opp'n") 8, ECF No. 111 ("Although the initial settlement was verbal . . . ."); Certification of Counsel in Supp. of Def.'s Mot. to Enforce Settlement ("Def.'s Cert.") ¶¶ 9–11. Plaintiffs' letter from that same period reflects that the essential terms of the agreement were the construction of a boatlift by June 2017 and payment of $7,500 in counsel fees. *See* ECF No. 101. The letter clearly expresses an intention to be bound by the terms stated therein. The offer was accepted and the parties formed a legally binding contract through their verbal expressions and Plaintiffs' subsequent written confirmation. *See Pascarella v. Bruck*, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div. 1983), *cert. denied*, 468 A.2d 233 (N.J. 1983) ("parties may orally, by informal memorandum, or by both agree upon the essential terms of a contract and effectively bind themselves thereon") (quoting *Comerata v. Chaumount, Inc.*, 145 A.2d 471 (N.J. Super. Ct. App. Div. 1958)).

Plaintiffs argue that they rescinded their offer to settle before Defendant perfected its acceptance by adopting a resolution that approved the agreement. *See* Pls.' Opp'n at 4–7. Plaintiffs correctly state that a municipal government "can ordinarily act only by adoption of an ordinance or resolution at a public meeting," which includes "giving consent to the settlement of litigation." *See City of Jersey City v. Roosevelt Stadium Marina, Inc.*, 509 A.2d 808, 815 (N.J. Super. Ct. App. Div. 1986). Defendant argues, however, that its passage of a resolution was an implied condition precedent of the settlement agreement. *See* Reply Br. in Further Supp. of Def.'s Mot. ("Def.'s Reply") 6–7, ECF No. 112.

In New Jersey, "under general contract law terms may be implied in a contract . . . because they are necessarily involved in the contractual relationship so that the parties must have intended them and have only failed to specifically express them because of sheer inadvertence or because the term was too obvious to need expression." *Palisades Props., Inc. v. Brunetti*, 207 A.2d 522, 531 (N.J. 1965). "Implied conditions precedent . . . are applied only where 'the state of the thing or things which has been destroyed constituted such an essential and requisite element of the agreement that its destruction or cessation demolishes the attainment of the vital and fundamental purpose of the contracting parties . . . .'" *See Nye v. Ingersoll Rand Co.*, 783 F. Supp. 2d 751, 766–67 (D.N.J. 2011) (quoting *Edwards v. Leopoldi*, 89 A.2d 264 (N.J. Super. Ct. App. Div. 1952)).

Plaintiffs' letter demonstrates their familiarity with the resolution process that Defendant undertakes in approving payments of fees and settlements. *See* ECF No. 101 (describing how Defendant typically approves payment to Plaintiff through the adoption of a "Council Resolution"). Plaintiffs undoubtedly understood this requirement when the parties reached an agreement. The Court, therefore, finds that Defendant's passage of a

resolution approving settlement was an implied condition precedent of the settlement agreement. Consequently, Plaintiffs were bound to the terms that they verbally agreed to in November 2016 pending the passage of a resolution, which subsequently occurred in February 2017. *See Pascarella*, 462 A.2d at 191.

Plaintiffs next argue that the settlement agreement is unenforceable because Defendant's resolution does not reference the construction of the boatlift. *See* Pls.' Opp'n at 7–8. Plaintiffs are correct that the City Council Agenda does not reference construction of the boatlift; however, the Agenda does not supersede the contract. The parties verbally formed the contract and then Plaintiffs informally memorialized it in their letter. The final iteration of the contract was the draft from January 10, 2017, which Defendant sent to Plaintiffs for their review and comments. *See* Def.'s Cert. at ¶ 15, Ex. A. That draft includes the construction of the boatlift, although it does not reference a completion date. *Id.*, Ex. A at ¶ 11. Plaintiffs could have responded to Defendant and included the date of completion, June 2017. Instead, Plaintiffs attempted to rescind their "offer," which was impossible because the contract was fully formed by that point.

Plaintiffs argue that the contract is unenforceable because certain conditions precedent were not met. Pls.' Opp'n at 8–11. Those conditions were Plaintiffs' receipt of an executed original of the agreement, $7,500 payment and an executed consent order. *Id.* at 9. Plaintiffs fail to note that these conditions were not met because *Plaintiffs refused to respond* to Defendant's draft agreement. Plaintiffs cannot now use their own inaction as a defense against the enforcement of the contract.

Finally, Plaintiffs assert the doctrine of unclean hands against Defendant due to its purported bad faith in failing to pay Plaintiff Petit-Clair, Jr.'s counsel fees from unrelated matters. Plaintiff Petit-Clair, Jr. raised the issue of Defendant's non-payment in his November 2016 letter. *See* ECF No. 101. The letter clearly confirms the terms of settlement and then subsequently addresses Defendant's non-payment as *a separate business matter* between the parties. *Id.* The Court finds that payment of these additional fees was not an essential term of the settlement agreement. Defendant's non-payment thereof is, therefore, irrelevant to the validity of the instant agreement. Plaintiffs have not met their burden of showing clear and convincing proof of fraud or other compelling circumstances that warrant vacation of the settlement agreement. *See Nolan by Nolan*, 577 A.2d at 146. Accordingly, the Court finds the settlement agreement enforceable.

IV.  **CONCLUSION**

For the reasons stated above, Defendant's motion to enforce the settlement agreement is **GRANTED**. An appropriate order follows.

s/William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 29, 2017**